UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ERIC L. TAYLOR,                             )
                                            )
            Plaintiff,                  )     Case No. 1:07-cv-582
                                            )
v.                                          )     Honorable Robert Holmes Bell
                                            )
MIDLAND CREDIT MANAGEMENT,                  )
INC.,                                       )     **MEMORANDUM OPINION**
                                            )
            Defendant.                  )
_____)

        Presently pending before the court is plaintiff's motion to compel discovery. (docket # 24). For the reasons set forth below, the court will deny the motion. This is a civil action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Plaintiff filed his complaint in the United States District Court for the Eastern District of Michigan on December 13, 2006. Chief Judge Friedman of that court entered a case management order pursuant to Fed. R. Civ. P. 16, imposing a discovery deadline of June 1, 2007. Two days before the close of discovery, plaintiff served defendant with plaintiff's second set of interrogatories dated May 31, 2007. On June 1, defense counsel objected to the second set of interrogatories on the ground that they were untimely under Judge Friedman's case management order, because the interrogatory answers would fall due after the close of discovery.

        On June 4, 2007, the parties filed a joint motion to transfer venue to this court, which was granted by order entered July 11, 2007. On July 19, 2007, the parties submitted to this court a

status report, in which they agreed to an extension of discovery past the date originally set by Chief Judge Friedman. (Status Report, ¶ 7, docket # 21). Defendant indicated that, if the discovery deadline were extended, defendant was "willing to respond to Plaintiff's remaining relevant written discovery request." (*Id.*). The court entered a case management order dated July 25, 2007 (docket # 23) extending the time to complete discovery to September 30, 2007.

On August 27, 2007, plaintiff filed the pending motion to compel responses to its written discovery requests served on defendant on May 31, 2007. The motion does not contain counsel's certification, required by both Fed. R. Civ. P. 37(a)(2)(B) and this court's Local Civil Rule 7.1(d) that plaintiff's counsel had conferred with defense counsel, "in person or by telephone, in a good-faith effort to resolve each specific discovery dispute." W.D. MICH. LCIVR 7.1(d). Rather, the accompanying brief vaguely asserts that plaintiff "attempted to work this matter out with defense counsel," without further specifics. Apparently, plaintiff's effort was limited to a brusque letter dated July 9, 2007, in which plaintiff demanded compliance with its discovery requests. The motion seeks an order compelling compliance with the May 31 discovery, a declaration that all objections thereto have been waived, and an award of attorney's fees.

On September 7, 2007, ten days after plaintiff filed its motion, defense counsel served responses to plaintiff's second discovery requests accompanied by a proposed protective order. On September 10, 2007, defendant filed its response to the motion to compel asserting, among other defenses, that the motion had been mooted by defendant's answers.

**Discussion**

Rule 37(a) of the Federal Rules of Civil Procedure allows a party to apply for an order compelling discovery. The rule requires that the moving party first have made a reasonable effort to confer in good faith to procure the discovery without court action. FED. R. CIV. P. 37(a)(2)(B). The Local Rules of this court amplify this requirement, making it clear that the conference must be in person or by telephone. W.D. MICH. LCIVR 7.1(d). Perfunctory letters or e-mails demanding discovery simply do not comply with the meet-and-confer requirement.

The record in this case shows that a simple telephone call from plaintiff's counsel would have resulted in production of the desired discovery. Within ten days of the filing of plaintiff's motion, defendant served answers and objections to the interrogatories, proffered a proposed protective order, and promised to produce responsive documents upon entry of the protective order. In the circumstances of this case, the court will not intervene on behalf of plaintiff when plaintiff has so flagrantly failed to follow the clear requirements of the rules.

Furthermore, defendant's answers have mooted the controversy raised in plaintiff's motion. In the unusual circumstances of this case arising from its transfer from the Eastern District, it is at least understandable why defendant had not responded to the outstanding discovery requests which were, under the Eastern District's case management order, clearly untimely. Plaintiff now has answers to his requested discovery. If plaintiff believes that the answers are inadequate, he may file an appropriate motion, after complying with the meet-and-confer obligations of the rules. In the circumstances of this case, the court declines to hold that defendant's objections have somehow been waived, as defendant objected immediately to the untimeliness of the discovery requests. Furthermore, it appears that plaintiff has well exceeded the 25-interrogatory limitation imposed by

the court without bothering to seek leave.  Defendant has preserved these and all other objections to plaintiff's discovery requests.

The meet-and-confer requirements of the rules were designed to eliminate unnecessary motion practice, such as that now before the court.  Both parties are admonished to comply with all requirements of the Federal Rules, including the meet-and-confer requirements. The court will deny plaintiff's motion to compel, without prejudice to plaintiff's ability to seek relief if he believes that any of defendant's answers are inadequate.


Dated:  September 13, 2007            /s/  Joseph G. Scoville
                                             United States Magistrate Judge