UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC L. TAYLOR,

       Plaintiff,

                                      File No.  1:07-CV-582

v.

                                      HON. ROBERT HOLMES BELL

MIDLAND CREDIT MANAGEMENT, INC.,

       Defendant.
                                           /

**O P I N I O N**

This action alleging unlawful collection practices is before the Court on a motion for summary judgment filed by the defendant. For the reasons that follow, the motion will be granted.

**I.**

Plaintiff Eric L. Taylor ("Taylor") alleges in his complaint that Defendant Midland Credit Management, Inc. ("MCM"), violated various sections of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692-1692p, and the Michigan Collection Practices Act (MCPA), M.C.L.A. § 445.251-.258, by attempting to collect on a debt that Taylor does not owe and by communicating false information to the credit reporting bureaus. MCM has moved for summary judgment in its favor on Taylor's claims under the FDCPA and the MCPA. (Dkt. No. 31, Mot. for Summ. J.)

**II.**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendant carries its burden of showing there is an absence of evidence to support a claim then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id. See generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

There is no dispute as to the relevant facts. On February 24, 2004, Midland Funding NCC-2 Corporation ("Midland Funding") purchased a portfolio of accounts receivable from Bank One, NA ("Bank One"). (Dkt. No. 31, Def. Mot. for Summ. J., Ex. A, Purvis Dep. 9.) Included in the portfolio was a general consumer loan account in the name of Eric Taylor, with a Bank One account number ending in *7734, and an unpaid balance of $1,141.31 (the "Debt"). (Dkt. No. 31, Ex. B, Portfolio Info.) The information transmitted by Bank One indicated that the loan was opened on September 4, 1996, that the date of the last occurrence (the delinquency date) was July 1, 2000, and that the loan was charged off on December 28, 2000. (Purvis Dep. 9-11, 31-33, 40-41; Portfolio Info.) The balance due has increased due to the accumulation of interest and fees. (Purvis Dep. 32-33.) Midland Funding engaged Defendant MCM to service and begin collection activities on the Debt. (Purvis Dep. 8.)

Beginning in March 2004 MCM began sending Taylor communications regarding the Debt that Taylor allegedly owed to Bank One. (Dkt. No. 31, Ex. D, MCM Letter History.) Taylor contacted MCM and advised Angelique Purvis, MCM's consumer relations liaison, that the Debt was not his. (Dkt. No. 31, Ex. F, Taylor Dep. 18-24; (Dkt. No. 31, Ex. C, MCM Archived Notes; Purvis Dep. 20-21.) Taylor advised MCM that he did not owe the Debt and presented evidence to MCM that the debt on his account number *9049 with Bank One had been eliminated. (Taylor Aff. ¶¶ 2, 4, 12; Pl. Ex. 5.) Purvis advised Taylor that MCM was collecting on a consumer loan with a different account number and history rather

3

than on the credit card account about which he had provided information.  (Purvis Dep. 6, 22; Taylor Dep. 14-24.)  Purvis advised Taylor that if the Debt was not his, he should submit an FTC consumer identity theft affidavit.  (Taylor Dep. 18, 23.)  Taylor did not submit an affidavit.  (Taylor Dep. 18-20.)  MCM reported to the credit bureaus that Taylor owed $1,300 on an account, and that the account was in dispute.  (Purvis Dep. 36.)  Between March 2004 and January 2006 MCM sent thirteen collection letters to Taylor.  (Dkt. No. 31, Ex. D, MCM Letter History.)

## IV.

Taylor has alleged that MCM violated various provisions of the FDCPA.[1]  The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  "Congress designed the [FDCPA] to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) (quoting *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988) (internal quotations omitted)).

---

[1] Taylor has alleged violations of 15 U.S.C. §§ 1692e(2), 1692fe[sic], 1692e(10), 1692f(1), and 1692e(8).  (Dkt. No. 1, Compl. ¶¶ 23-27).

**A. Section 1692e, False or Misleading Representations**

Taylor has alleged that MCM violated § 1692e(2) "by falsely representing the character, amount or legal status of any debt here," (Compl. ¶ 23), that it violated § 1692e(10) by "the use of false representations and deceptive means in pursuing a debt that was paid off to the creditor," (Compl. ¶ 25), and that it violated § 1692e(8) by "communicating credit information which is known to be false to the credit reporting bureaus," (Compl. ¶ 27).[2]  All of Taylor's § 1692e claims are based on his contention that

---

[2]The relevant portions of § 1692e provide:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(2) The false representation of--

(A) the character, amount, or legal status of any debt;

. . . .

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

MCM's representations regarding the Debt were false and misleading because Taylor does not owe the Debt. (Compl. ¶¶ 17-20.)

Because the Court must view the evidence in the light most favorable to the non-moving party, for purposes of this motion the Court assumes that Taylor did not take out a consumer loan from Bank One and that he does not owe the Debt that is the subject of this case. (Dkt. No. 31, Ex. F, Taylor Dep. 43; Dkt. No. 32, Pl. Resp. to Mot. for Summ. J., Ex. 1, Taylor Aff. ¶¶ 1, 4, 5).[3]

Even if Taylor is correct in his assertion that he does not owe the Debt, his assertion that he is being pursued for a debt he does not owe is not sufficient in and of itself to make out a claim of false or misleading representations under § 1692e. "[W]here a debt collector has included appropriate language regarding the FDCPA debt validation procedure, the allegation that the debt is invalid, standing alone, cannot form the basis of a lawsuit alleging fraudulent or deceptive practices in connection with the collection of a debt." *Bleich v. Revenue Maximization Group, Inc.*, 233 F. Supp. 2d 496, 501 (E.D.N.Y. 2002). *See also Daniel v. Asset Acceptance, L.L.C.*, No. 06-15600, 2007 U.S. Dist. LEXIS 78763, at *10-19

---

[3]The Court does not, however, accept as true Taylor's assertion that the response to his subpoena submitted by Chase Bank, Bank One's successor, is proof that he does not owe the Debt. (Pl. Br. in Resp. 8.) Taylor's subpoena to Chase Bank only requested records pertaining to his credit card account *9049, not the consumer loan account that is the subject of MCM's collection activities. (Dkt. No. 33, Def. Reply Br., Ex. A.) Moreover, although Taylor has submitted an affidavit in response to the motion for summary judgment stating that he does not owe the Debt, he did not submit an affidavit to MCM before he filed this action.

(E.D. Mich. Oct. 23, 2007) (granting summary judgment for debt collector on § 1692e claims for the same reasons stated in *Bleich*).

Taylor has not alleged in his complaint that MCM failed to include the appropriate language regarding the FDCPA debt validation procedure in its initial written communications. Instead, Taylor's complaint focuses on MCM's continued efforts to collect the Debt after he sent proof to MCM that the Bank One debt had been eliminated. (Compl. ¶ 18.)

The "proof" Taylor supplied to MCM was information that he had paid off his credit card debt to Bank One. That information concerned an account number ending in *9049. The information Taylor sent to MCM regarding his credit card debt was irrelevant to the issue of whether Taylor owed on the consumer loan Debt with an account number ending in *7734. The fact that the two accounts were different kinds of accounts, with different account numbers and different histories was brought to Taylor's attention during a telephone conversation between Taylor and Purvis in August 2004 and are memorialized in Taylor's notes of the conversation. (Purvis Dep. 6, 22; Taylor Dep. 16-24; Compl., Ex. 1). Purvis advised Taylor to submit an FTC identify theft affidavit if the consumer loan Debt was not his. (Taylor Dep. 18-23).

The evidence is undisputed that MCM relied on information about the Debt from Bank One, and that it accurately represented that information in its communications with Taylor and with the credit bureaus. The evidence is also undisputed that Taylor did not

supply any written evidence that would cast doubt on the accuracy of the information MCM received from Bank One. Taylor's information regarding his credit card account, as noted above, was irrelevant to the consumer loan Debt, and Taylor did not send in an identity theft affidavit as he was instructed to do.

In response to the motion for summary judgment Taylor contends that MCM's reporting of the disputed debt to the credit reporting agencies gives rise to a claim under the FDCPA and that *Purnell v. Arrow Fin. Servs., LLC*, No. 05-CV-73384-DT, 2007 WL 421828 (E.D. Mich. Feb. 2, 2007), is directly on point.

There is no question that the reporting of an alleged debt to a credit reporting agency is a "communication" in connection with the collection of a debt that may give rise to a violation of 15 U.S.C. § 1692e. *Id.* at *4; *see also Sullivan v. Equifax*, No. CIV.A. 01-4336, 2002 WL 799856, at *4 (E.D. Pa. Apr. 19, 2002). However, *Purnell* does not stand for the proposition that any communication of a disputed debt to a credit reporting agency violates the FDCPA. "A collection agency does not have a duty to delete all references to a debt whenever such debt is contested." *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1069 (9th Cir. 1992). *Purnell* merely stands for the proposition that when a disputed debt is reported to a credit agency the disputed nature of the debt must be disclosed.

Contrary to Taylor's contention, *Purnell* is not directly on point. In *Purnell* the defendant reported a debt to the credit reporting agency without noting that the debt was disputed. 2007 WL 421828, at *1, 4. That is not the case here. In this case there is no

dispute that MCM disclosed the disputed status of the debt to the credit reporting agencies. Attached to Plaintiff's complaint is a copy of Taylor's Equifax Credit Report. The report indicates in the comment section under his Bank One account that "Consumer disputes this account information." (Compl., Ex. 5 at 3.) Taylor has not shown that MCM violated the FDCPA by reporting the Debt to the credit reporting agencies.

**B. Section 1692f, Unfair Practices**

Taylor alleges that MCM violated § 1692f(1)[4] by "seeking to collect any amount (including interest, fee, charge, or expense incidental to the principal obligation) not authorized by the agreement between the original creditor and the Plaintiff." (Compl. ¶ 26.)

This claim is also based on Taylor's contention that he paid off his Bank One credit card account. (Compl. ¶¶ 17-21, 26.) Because the credit card account is not the account being collected on, this claim fails for the same reasons as Taylor's § 1692e claim.

---

[4]Section 1692f provides in relevant part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f.

In addition, Taylor's contention that MCM is attempting to collect the Debt from the wrong person does not state a claim under § 1692f(1).  As noted in *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383 (D. Del. 1991),  by its terms § 1692f(1) addresses the abusive practice of collecting an amount greater than that which is owing.  *Id.* at 392.  An attempt to collect from the wrong individual is better characterized as going to the character or status of the debt rather than the amount owing. *Id.* Accordingly, where the amount being collected by the collection agency was not different than the amount owed, § 1692f(1) was inapplicable to the plaintiff's claim that the collection agency was attempting to collect the debt from the wrong person. *Id.*  The *Beattie* court accordingly granted summary judgment for the collection agency on the § 1692f (1) claim.  *Id.*  MCM is similarly entitled to summary judgment on Taylor's § 1692f claim.

## C.  Section 1692d

In his response to MCM's motion for summary judgment Taylor asserts that MCM has violated § 1692d.  There is no reference in Taylor's complaint to § 1692d.  Taylor has alleged that MCM "violated § 1692fe[sic] by falsely publicizing credit information to harass, oppress or abuse Plaintiff in connection with the collection of the debt."  (Compl. ¶ 24.) This reference is ambiguous because there is no such section of the FDCPA.  However, Taylor's use of the terms "harass, oppress or abuse" suggests that he may have been

10

attempting to make reference to § 1692d.[5]  For purposes of this motion the Court will assume that Taylor's complaint properly referenced § 1692d.

In support of his § 1692d claim Taylor contends that although MCM admits that Taylor disputed the Debt, MCM did not investigate or even call the Bank to verify the Debt. (Pl. Resp. 7.)

Contrary to Taylor's assertions MCM did take steps to verify the information in the portfolio.  MCM contacted Bank One to make sure that the consumer loan account that was the subject of its collection efforts was different than the Bank One credit card that Taylor paid off.  (Purvis Dep. 52-54; (Dkt. No. 31, Ex. C, MCM Archived Notes.)  MCM then advised Taylor to either provide some proof that the consumer loan had been paid, or to submit an FTC affidavit of fraud.  It is undisputed that Taylor did neither.  (Taylor Dep. 18-25.)  On these facts, MCM's continued efforts to collect on the Debt was not abusive.

**D.  New Arguments**

Taylor argues in his response brief that MCM violated the FDCPA by failing to notify him in writing about his right to dispute the Debt.  Taylor has also presented an affidavit stating that "MCM has never sent me a letter saying I could dispute the debt or prove I owe it." (Taylor Aff. ¶ 7.)

---

[5]§ 1692d provides in relevant part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15 U.S.C. § 1692d.

The FDCPA requires debt collectors to notify debtors about their ability to challenge the validity of a debt and to provide other basic information. 15 U.S.C. § 1692g. Taylor, however, did not allege in his complaint that MCM failed to provide the relevant information. MCM's archived information indicates that March 3, 2004, Taylor was sent an LT1A debt validation letter. (Dkt. No. 31, Ex. B, C, D, referencing validation letter LT1A.) However, the specific contents of MCM's letter were not addressed in the discovery that has been presented to this Court.

In his response brief Taylor has also claimed, for the first time, that MCM violated the FDCPA by reporting credit information beyond the time allowed under the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681x. There are no allegations in Taylor's complaint regarding an allegedly untimely reporting of information to the credit reporting agencies.

Although the Federal Rules of Civil Procedure provide for liberal notice pleading and opportunities to amend a complaint at the outset of litigation, Fed. R. Civ. P. 8, 15, once discovery has closed and the case has progressed to the summary judgment stage, a plaintiff should not be permitted to raise wholly new claims. *Tucker v. Union of Needletrades*, 407 F.3d 784, 788 (6th Cir. 2005); *Lovelace v. Stephens & Michaels Assoc., Inc.*, No. 07-10956, 2007 WL 3333019, at *6 (E.D. Mich. Nov. 9, 2007). To permit new claims at this stage would subject Defendant to unfair surprise. *Tucker*, 407 F.3d at 788. The Court will accordingly refrain from addressing the merits of Taylor's new claims regarding the failure to notify him of his ability to challenge the validity of the debt and the timeliness of the reporting to the credit reporting agencies.

MCM contends, in the alternative, that it is entitled to judgment under the FDCPA's bona fide error provision, which shields a debt collector from liability for violating the FDCPA in certain instances. *See* 15 U.S.C. § 1692k(c). Because MCM's actions did not violate the FDCPA, there is no need to address the bona fide error defense. *See Fed. Home Loan Mortgage Corp.*, 503 F.3d at 513 (declining to address bona fide error defense where there was no violation of the FDCPA).

## V.

MCM has also moved for summary judgment on Taylor's state claims under the MCPA. MCM contends that Plaintiff's MCPA claim must be dismissed because MCM is not a "regulated person" under the MCPA, and thus, not subject to the MCPA allegations pleaded in Plaintiff's complaint. In response to MCM's motion for summary judgment Taylor has agreed to drop his claims under the MCPA. (Dkt. No. 32, Pl. Br. in Resp. 9.) In light of Taylor's representation that he is dropping the MCPA violations the Court will dismiss Count II of Plaintiff's complaint which alleges claims under the MCPA.

## VI.

An order and judgment consistent with this opinion will be entered.

Date:   February 26, 2008             /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE